**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EMMA MILLER, | : | |
|     Plaintiff | : | No. 1:10-cv-2479 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| TYCO ELECTRONICS, LTD., | : | |
|     Defendant | : | |

<u>**MEMORANDUM**</u>

Currently pending before the Court is Defendant Tyco Electronics, Ltd.'s ("Tyco") motion for summary judgment. (Doc. No. 18.) The matter is ripe for disposition, and for the reasons stated more fully herein, the Court will deny Defendant's motion for summary judgment.

**I.     BACKGROUND**

Plaintiff, Emma Miller, worked for Tyco from 1994 until Tyco terminated her employment in 2009. (Doc. No. 20 ¶¶ 1-2; Doc. No. 25 ¶¶ 1-2, 13, 15.) Plaintiff filed a workers' compensation claim against Tyco on March 24, 2009, alleging that she suffered a work-related injury on February 27, 2009. (Doc. No. 25 ¶¶ 4, 16.) She was represented by Attorney Karl Januzzi in her workers' compensation proceeding. (<u>Id.</u> ¶ 17.)

Plaintiff also filed a charge of discrimination with the Pennsylvania Human Relations Commission (PHRC), and the Equal Employment Opportunity Commission (EEOC). (<u>Id.</u> ¶¶ 18-21.) She filed her initial complaint with the PHRC on March 10, 2009, and she filed an amended complaint on April 21, 2009. (<u>Id.</u>) Plaintiff's PHRC complaint contains allegations of unlawful harassment, unequal pay, denial of benefits, negative performance appraisal, and layoff based on sex discrimination, race discrimination, national origin discrimination, disability discrimination, and retaliation. (Doc No. 25-1 at 17-34.)

While her PHRC and EEOC matters were still pending, Plaintiff and her attorney began the process of negotiating a settlement of her workers' compensation claim against Tyco. (Id. ¶ 23.) After attending mediation with a workers' compensation judge, Plaintiff and Tyco reached an agreement to settle the workers' compensation case for $82,500. (Id. ¶ 24.) Shortly before a hearing on the settlement, an attorney for Tyco gave Plaintiff and her attorney a copy of the parties' compromise and release agreement, including a general release. (Id. ¶ 27.) Plaintiff initially refused to sign the general release; however, after Plaintiff's attorney and Tyco's attorney negotiated a handwritten amendment, Plaintiff signed the release before the hearing. (Id. ¶¶ 27-28.)

The general release provides that Plaintiff, "for good and valuable consideration," releases Tyco from "all claims, demands or actions which [she] now ha[s] or may ever have concerning [her] employment up to the date of the signing of [the] Settlement Agreement and General Release." (Doc. No. 18-6 at 2.) The general release more specifically provides that Plaintiff:

> remise[s], release[s], and forever discharge[s] [Tyco] . . . of and from all waivable actions and causes of actions, suits, debts, claims and demands whatsoever based on tort or contract, in law or equity, from the beginning of [her] employment to the date of [the] Release, as well as any waivable claims arising from any constitutional or statutory provisions of federal, state or local governments, including the Pennsylvania Human Relations Act, the Americans With Disabilities Act, and the Civil Rights Acts of 1964 and 1991.

(Id.) A handwritten addendum, initialed by Plaintiff, provides: "This waiver and release shall not apply to the currently active Pennsylvania Human Relations Commission docketed at PHRC Case #200804540." (Id.) Plaintiff claims that the handwritten note was drafted by Tyco's attorney. (Doc. No. 25 ¶ 28.) On November 6, 2009, the workers' compensation judge

2

approved the settlement.  (Doc. No. 20 ¶ 12; Doc No. 25 ¶ 12.)

On January 13, 2011, the PHRC sent Tyco a letter indicating that the PHRC investigated Plaintiff's complaint of discrimination and "determined that the complaint should be dismissed because the facts of the case do not establish that probable cause exists to credit the allegations of unlawful discrimination."  (Doc. No. 18-7 at 2.)

Plaintiff initiated the instant employment discrimination action by filing a complaint on December 3, 2010, bringing claims under Title VII, the Equal Pay Act, and the Americans with Disabilities Act (ADA).  (Doc. No. 1.)  On January 17, 2011, Plaintiff amended her complaint to add a claim under the Pennsylvania Human Relations Act (PHRA).  (Doc. No. 4.)  On August 15, 2011, Tyco filed a motion for summary judgment, arguing that Plaintiff waived her right to file the instant suit by agreeing to the terms of the general release.  (Doc. No. 18.)

## II.   STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A factual dispute is material if it might affect the outcome of the suit under the applicable law, and it is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  At summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.  Id. at 251-52.  In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion."  A.W. v. Jersey City

Pub. Sch., 486 F.3d 791, 794 (3d Cir. 2007).

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Grp.. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is warranted. Celotex, 477 U.S. at 322. With respect to the sufficiency of the evidence that the non-moving party must provide, a court should grant summary judgment where the non-movant's evidence is merely colorable, conclusory, or speculative. Anderson, 477 U.S. at 249-50. There must be more than a scintilla of evidence supporting the non-moving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Further, a party may not defeat a motion for summary judgment with evidence that would not be admissible at trial. Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 387 (3d Cir. 1999).

## III. DISCUSSION

Tyco moves for summary judgment, arguing that Plaintiff's claims are barred pursuant to the general release that she signed. (Doc. No. 18.) In response, Plaintiff argues that the general release is not valid, as she did not knowingly and willfully waive her discrimination claims.

(Doc. No. 23.) In the alternative, she argues that if the Court finds that the general release is valid, then she only released her federal claims and not her state claims. (Id.) The Court finds that Plaintiff did not knowingly and willfully relinquish her right to bring the instant suit, and thus will deny Defendant's motion for summary judgment.

An employee may validly waive claims of discrimination against an employer if the waiver is made knowingly and willfully. Coventry v. U.S. Steel Corp., 856 F.2d 514, 521-22 (3d Cir. 1988) (citing Alexander v. Gardner-Denver Co., 415 U.S. 36, 52 (1974)); Potoski v. Wilkes Univ., No. 3:06-cv-2057, 2010 WL 3811973, at * 13 (M.D. Pa. Sept. 22, 2010). In determining the validity of a waiver, courts consider general principles of contract construction; however, "[i]n light of the strong policy concerns to eradicate discrimination in employment, a review of the totality of the circumstances, considerate of the particular individual who has executed the release, is also necessary." Coventry, 856 F.2d at 522-23. This totality of the circumstances inquiry is made considering the following factors:

> (1) the clarity and specificity of the release language; (2) the plaintiff's education and business experience; (3) the amount of time the plaintiff had for deliberation about the release before signing it; (4) whether plaintiff knew or should have known his rights upon execution of the release; (5) whether plaintiff was encouraged to seek, or in fact received benefit of counsel; (6) whether there was an opportunity for negotiation of the terms of the agreement; and (7) whether the consideration given in exchange for the waiver and accepted by the employee exceeds the benefits to which the employee was already entitled by contract or law.

Cirillo v. Arco Chem. Co., 862 F.2d 448, 451 (3d Cir. 1988) (citing Coventry, 856 F.2d at 523), superseded by statute as stated in Long v. Sears Roebuck & Co., 105 F.3d 1529, 1539 (3d Cir. 1997) (holding that the Older Workers Benefit Protection Act supersedes Cirillo with respect to the Age Discrimination in Employment Act of 1967).

As to the first factor, Plaintiff argues that the handwritten provision lacks clarity and specificity. She argues that the handwritten exclusion is not clear because it does not specifically provide that her federal and state rights were limited to the PHRC investigation. (Doc. No. 23 at 11-12.) In response, Tyco argues that Plaintiff's "misguided subjective belief, without more, is insufficient to defeat summary judgment in the face of clear and unambiguous language." Cirillo, 862 F.2d at 452. The Court is not persuaded by this argument, because the provision at issue is subject to multiple reasonable interpretations, and thus is not "clear and unambiguous."

The handwritten note provides that the general release "shall not apply to the currently active Pennsylvania Human Relations Commission docketed at PHRC Case #200804540." This provision can be interpreted either as preserving only the PHRC investigation of Plaintiff's PHRA claims, as Tyco argues, or as preserving Plaintiff's federal and state discrimination claims that were then pending at the administrative agency levels, as Plaintiff argues. The drafter of this provision appears to have omitted a noun after "Pennsylvania Human Relations Commission" and before "docketed." If the omitted noun was "claims," then Plaintiff's claims arising out of the facts that form the basis of the PHRC complaint would be preserved. If the omitted word was "investigation," then the Plaintiff would have waived her right to bring the instant action. The handwritten provision is certainly not clear, and this factor weighs strongly in favor of a finding that Plaintiff did not knowingly and voluntarily waive her right to file suit on the claims that she made in her PHRC complaint.

Similarly, as to the fourth factor, Plaintiff argues that she "did not know that Tyco would

now be claiming that she released her federal claims and that her state claim was simply limited to a PHRC investigation." (Doc. No. 23 at 17-18.) Because the Court finds that the handwritten provision lacks clarity, and that Plaintiff's interpretation of the provision is reasonable, the Court cannot say that Plaintiff knew or should have known that she was not preserving her right to sue based on the claims that she made in the PHRC complaint. This factors weighs in favor of a finding that Plaintiff did not knowingly and voluntarily relinquish her right to bring suit based on the facts alleged in the PHRC complaint.

The second and third factors in the totality of the circumstances analysis are neutral to the Court's determination. Plaintiff has a high school education and has several years of work experience as a production specialist and in data entry. (Doc. No. 25 ¶¶ 13-15.) Her education and experience meet the minimal threshold to knowingly and voluntarily sign a waiver; however, when coupled with the ambiguity in the provision at issue and the manner in which it was presented to her, this factor cannot be said to weigh in favor of a finding that she knowingly and voluntarily waived her right to bring her discrimination lawsuit, which was then pending at the administrative level. This factor is neutral to the Court's analysis.

As for the time that Plaintiff had to review the general release, Plaintiff alleges that she was presented with the general release just fifteen to thirty minutes before the start of her hearing on the workers' compensation settlement, and that a general release was never discussed at the earlier mediation of her workers' compensation claim. (Id. ¶ 25-28.) Tyco argues, in response, that Plaintiff's decision to sign the release agreement quickly upon receiving it does not mean that she did not have sufficient time to review it. While there is no evidence in the record that Tyco gave Plaintiff a deadline as to when she had to sign the general release and the release does

contain language indicating that Plaintiff had "been given the opportunity to review and reflect over the contents of the Release," Plaintiff executed the release quickly based on an understanding that she was preserving her right to sue Tyco in state or federal court to pursue her discrimination claims.  (Id. ¶ 28.)  Considering the totality of the circumstances, this factor does not weigh in favor of or against a finding that Plaintiff knowingly and voluntarily waived her right to bring suit on her discrimination claims.

The fifth and sixth factors weigh in favor of a finding that Plaintiff did knowingly and voluntarily sign the waiver; however, the lack of clarity as to the meaning of the handwritten provision lessens the impact of these factors.  Indeed, Plaintiff was represented by counsel when she signed the general release, and she had an opportunity to negotiate the addition of the handwritten provision.  However, her interpretation of the waiver was that it did not relinquish her right to bring suit on her discrimination claims that were then pending at the agency level.  Plaintiff asserts that Tyco's attorney informed her that it was her "impression and intent that the general release would not cover any of the discrimination claims that [Plaintiff] made in her charge of discrimination."  (Id. ¶ 28.)  Thus, Plaintiff would have no reason to negotiate any terms beyond those included in the handwritten provision; her understanding was that she preserved her discrimination claims.  Although Plaintiff was represented by counsel, and had the opportunity to negotiate the addition of the handwritten provision, these factors do not outweigh the factors that support a finding that Plaintiff did not knowingly and voluntarily waive her right to file suit on her discrimination claims.

Finally, the seventh factor does not weigh in favor of, or against, a finding that Petitioner knowingly and voluntarily waived her right to bring her discrimination claims.  The record is

devoid of any indication that Tyco offered additional compensation for the execution of the general release, or that Tyco would not have agreed to the settlement of Plaintiff's workers' compensation claim without Plaintiff agreeing to waive her right to bring the discrimination claims in state or federal court.  Thus, this factor is neutral to the Court's analysis.

In sum, the first and fourth factors weigh strongly in favor of a finding that Plaintiff did not knowingly and voluntarily waive her right to bring her discrimination claims in court, whereas the fifth and sixth factors weigh only slightly in favor of the opposite conclusion.  The remaining three factors are neutral to the Court's analysis.  "'Waiver' is a vague term used for a great variety of purposes, good and bad, in the law.  In any normal sense, however, it connotes some kind of voluntary knowing relinquishment of a right." Green v. United States, 355 U.S. 184, 191 (1957).  Given the lack of clarity in the handwritten addendum, coupled with Plaintiff's assertion that she "thought that she would still have a right to sue Tyco in state and/or federal court to pursue her discrimination claims after the PHRC finished its investigation," the Court cannot conclude that Plaintiff's signature of the general release knowingly and willfully waived her right to bring suit on the claims alleged in her PHRC complaint.  Accordingly, as the record currently stands, the Court cannot grant Tyco's motion for summary judgment.

## IV.    CONCLUSION

Because the Court cannot conclude that Plaintiff knowingly and voluntarily waived her right to bring suit on the claims in her PHRC complaint, the Court will deny Tyco's motion for summary judgment.  An order consistent with this memorandum follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EMMA MILLER, | : | |
|     Plaintiff | : | No. 1:10-cv-2479 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| TYCO ELECTRONICS, LTD., | : | |
|     Defendant | : | |

## ORDER

**AND NOW**, on this 23rd day of November 2011, **IT IS HEREBY ORDERED** that Defendant's motion for summary judgment (Doc. No. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that the stay on discovery issued on August 18, 2011 is **LIFTED**. The Clerk of Court is directed to issue a case management order with a new trial date and other pre-trial dates and deadlines.

S/ Yvette Kane
Chief Judge Yvette Kane
United States District Court
Middle District of Pennsylvania
